UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAN CICCHIELLO )<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>COLETTE PETERS, et al. )<br>*Defendant)*. ) | CASE NO. 3-24-cv-855 (KAD)<br><br><br><br><br>JUNE 25, 2024 |

**MEMORANDUM OF DECISION**
**RE 28 U.S.C. § 2241 PETITION (ECF No. 1)**

Kari A. Dooley, United States District Judge:

The petitioner, Joan Cicchiello ("Cicchiello"), a prisoner confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In her petition, Cicchiello challenges her sentence computation and the application of her earned time credits under the First Step Act ("FSA").

In response to the Court's order to show cause, the respondents have filed documents which demonstrate that any claim regarding FSA earned time credits for the period after Cicchiello arrived at FCI Danbury is now moot as she has been awarded all applicable credits. Suppl. Resp., ECF No. 22 at 1. The respondents also contend that Cicchiello's related sentence computation claim is pending in the Middle District of Pennsylvania, and any FSA time credits Cicchiello may have earned while serving her prior sentence cannot be applied to her current sentence. For the following reasons, the petition is denied.

**Standard of Review**

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may be used to challenge the execution of a prison sentence. Thus, § 2241 petitions are appropriately used to

challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before filing a habeas petition pursuant to § 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

**Background**

On May 9, 2018, in the United States District Court for the Middle District of Pennsylvania, Cicchiello was sentenced to a 72-month term of imprisonment followed by three years of supervised release on charges of healthcare fraud and perjury. *United States v. Cicchiello*, No. 1:15-cv-223-CCC-1 (M.D. Pa.) (ECF No. 96). In 2020, while serving that sentence, Cicchiello was released to home confinement under the CARES Act. *Id*. (ECF Nos. 144, 203). While on home confinement, Cicchiello made false statements during a hearing on a petition she had filed pursuant to 28 U.S.C. § 2255 in which she challenged her conviction. *Id.* (ECF Nos. 155 at 18, 203 at 3–4).

On May 4, 2021, Cicchiello was arrested and detained as a result of new conduct. *United States v. Cicchiello*, No, 1:21-cr-100-CCC (M.D. Pa.) (ECF. Nos. 28, 31). Cicchiello was thereafter convicted of perjury and sentenced to a consecutive 15-month term of imprisonment followed by three years of supervised release. *Id.* (ECF No. 105). Thus, her aggregate sentence was an 87-month term of imprisonment followed by concurrent three-year terms of supervised release.

Cicchiello was released from custody on July 12, 2023, after application of good time credits and 365 days of FSA time credits, the maximum number of FSA credits permitted to be applied toward early release.

In January 2024, while she was serving her term of supervised release, the district court issued summonses in both underlying cases based on allegations that Cicchiello violated the terms of her supervised release. *Cicchiello*, No. 1:21-cr-100-CCC (ECF No. 148); No. 1-15-cr-223-CCC (ECF. No.

2

180). Cicchiello was found in violation and on February 7, 2024, the district court sentenced her to two concurrent nine-month terms of imprisonment, to be followed by two years of supervised release. *Cicchiello*, No. 1:21-cr-100-CCC (ECF No. 164); No. 1:15-223-CCC (ECF No. 196).

Cicchiello was designated to FCI Danbury. She arrived on March 27, 2024, and her anticipated release date is October 25, 2024.

**Discussion**

Cicchiello asserts four grounds for relief: (1) the Bureau of Prisons ("BOP") miscalculated her FSA time credits, (2) FSA time credits from her prior sentence were never applied, (3) she remains eligible for FSA time credits on her prior sentence, and (4) her current sentence is an extension of her prior sentence so FSA time credits from the prior sentence should be applied to the new sentence. Pet., ECF. No. 1 at ¶ 13. It is difficult to discern the precise issues based only on the petition. However, in the brief she filed in support of her motion for immediate release, ECF. No. 14, Cicchiello explains each ground for relief.

**The First Step Act**

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). Inmates earn time credits upon successful participation in these activities and the time credits qualify the inmates for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). An inmate "may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk." *Milchin v. Warden*, No. 3:22-CV-195(KAD), 2022 WL 168836, at *3 (D. Conn. May 25, 2022). Application of the time credits will enable an inmate to be transferred sooner to prerelease custody, either in a residential reentry center, on home confinement, or supervised release. *See* 18 U.S.C. § 3624(g).

Eligible inmates assessed as minimum or low risk of recidivism earn 10 days of time credits for every 30 days of successful participation in the programs. 18 U.S.C. § 3632(d)(4)(A)(i). If an eligible inmate is determined to be a minimum or low risk of recidivism for two consecutive assessments, that inmate earns 15 days of time credits for every 30 days of successful participation in the programs. 18 U.S.C. § 3632(d)(4)(A)(ii). Although an inmate accumulates FSA time credits each month, she is eligible to have those credits applied only when she has "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); *see also Pujols v. Stover*, No. 3:23-cv-564(SVN), 2023 WL 4551423, at *2 (D. Conn. July 14, 2023) (collecting cases). If a prisoner is sentenced to a term of imprisonment of less than one year, the recidivism assessments are conducted every 90 days. 28 C.F.R. § 524.11(a).

**Sentence Calculation and FSA Time Credit Calculations Prior to July 23, 2023**

Some of Cicchiello's claims concern FSA time credit calculations and sentence computation for her prior sentence, *i.e.*, the sentence for which she was released to supervised release on July 12, 2023. However, she has already raised these issues in other cases.

In 2023, Cicchiello filed a § 2241 petition in the Middle District of Pennsylvania in which she challenged the calculation of her FSA time credits beginning in 2018; the calculation for the period from November 2019 to February 2020 when she was classified as being in "opt-out" status for refusing to participate in the Inmate Financial Responsibility Program, and the rate at which she earned FSA time credits between December 2018 and July 2019. The petition was denied as to all three claims. *Cicchiello v. Peters*, No. 1:23-cv-1406, 2024 WL 1258665, at *2 (M.D. Pa. Mar. 25, 2024).

Inmates are permitted to file only one § 2241 petition on a given issue. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to

4

inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus...."). This prohibition applies to § 2241 petitions. *See Simon v. United States*, 359 F.3d 139. 143 n.7 (2d Cir. 2004) (noting that the court has "implicitly held that § 2244(a) permits courts to dismiss § 2241 petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition" (citing *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997))). Thus, the petition is denied as to all claims concerning calculation of FSA time credits for periods covered in the prior petition.

Cicchiello also has a pending § 2241 petition in the Middle District of Pennsylvania, *Cicchiello v. Briggs*, No. 3:24-cv-475 (M.D. Pa.). In that petition, while not clear, she appears to be trying to relitigate issues from the first § 2241 petition as well as challenging the calculation of FSA time credits in subsequent years—2020 and 2021.

Where a complaint pending in one district court is duplicative of an earlier-filed complaint pending in another district court, the district court in which the second complaint is filed generally may dismiss the complaint. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts ... the general principle is to avoid duplicative litigation." (dictum)); *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) (reversing with instructions to dismiss under the prior pending action doctrine a complaint filed in the Southern District of New York where "the essentially identical action was already underway" in the Middle District of Florida). Review of the docket in the Middle District of Pennsylvania shows that a response to the court's order to show cause was filed on May 14, 2024, and the case appears ready for decision. To the extent that Cicchiello is asserting a challenge to the calculation of FSA credits during 2020 and 2021, her claims are dismissed as duplicative of claims raised in her § 2241 petition currently

pending in the Middle District of Pennsylvania.

All claims regarding the calculation of FSA time credits prior to July 12, 2023, appear to be included in these two prior petitions. Thus, the current petition is denied as to those claims.

**Application of FSA Time Credits Earned on Previous Sentence**

Notwithstanding, Cicchiello asserts that, when she was released in 2023, she had accumulated 145 FSA time credits in addition to the 365 FSA time credits that were applied to enable her to start her period of supervised release one year early. She now argues that these credits should be applied to her current sentence and, if so applied, would entitle her to immediate release. Cicchiello bases her argument on the flawed premise that her current term of imprisonment is a continuation of her prior sentence.

The Second Circuit has held that "supervised release is imposed as part of the original sentence, but the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005); *see also United States v. Wirth*, 250 F.3d 165, 170 (2d Cir. 2001) ("punishment for a violation of supervised release is separate from punishment for the underlying conviction").

District courts considering this issue have held that "revocation sentences are separate from original sentences for the purpose of calculating time credit." *Chestnut v. Bureau of Prisons*, C/A No. 1:22-2701-RBH-SVH, 2022 WL 4348677, at *3 (D.S.C. Aug. 22, 2022), *report and recommendation adopted sub nom. Chestnut v. Fed. Bureau of Prisons*, 2022 WL 4348275 (D.S.C. Sept. 19, 2022); *see also Williams v. Fitch*, No. 2:21-CV-549-RAH-CSC, 2024 WL 737803, at *6 (M.D. Ala. Jan. 31, 2024) ("Even if Petitioner could demonstrate entitlement to any additional or outstanding FSA credits, based on the controlling statutes and federal regulations, those credits could not be ... used to shorten the period of any future imprisonment Petitioner may have to serve for violating a condition of release."), *report*

*and recommendation adopted*, 2024 WL 734477 (M.D. Ala. Feb. 22, 2024); *Keiffer v. Rios*, No. 19-cv-899(PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019) (rejecting petitioner's arguments that original sentence and sentence for violation of supervised release should be aggregated and determining that petitioner was eligible to earn FSA time credits only on sentence for violation of supervised release, the sentence he currently was serving), *aff'd,* 2019 WL 8194484 (8th Cir. Oct. 2, 2019).

Cicchiello is currently serving a nine-month sentence for violation of supervised release. As this sentence is distinct from her original sentence, any FSA time credits she may have earned but not used when serving the prior sentence cannot be applied to her current sentence. The petition is denied on this ground.[1]

**Calculation of FSA Credits Prior to March 27, 2024**

Cicchiello contends that she should have begun earning FSA time credits as of February 7, 2024, the day she was sentenced on the revocation of supervised release, and not March 27, 2024, the day she arrived at FCI Danbury.

The FSA specifically directs BOP to develop a risk and needs assessment system and that, under the system, the BOP "shall" determine the recidivism risk of each inmate, determine the type and amount of EBRR programming appropriate for each inmate, assign the inmate to that programming, and periodically, at least once a year, reassess the recidivism risk of each inmate and, based on the reassessment, reassign the inmate to appropriate EBRRs and PAs. 18 U.S.C. §§ 3632(a)(1)-(5), (b)(1), & (d)(5). Cicchiello has not shown that she underwent a risk and needs assessment within a year prior

---

[1] Cicchiello essentially argues that when she was released from her prior sentence, she had "banked" additional credit towards any future imprisonment in the Bureau of Prisons. Such a reading of the FSA would run directly counter to its stated purpose of reducing recidivism and supporting offenders as they re-enter the community. The Court cannot think of a greater disincentive to avoiding criminal conduct than the notion that any sentence imposed for same has, at least partially, already been served.

to her sentencing or that she was assigned to any programs she attended before reaching FCI Danbury under that assessment. Thus, she has not shown that she attended any programs for which FSA time credits were warranted and the petition is denied on this ground.

**Calculation of FSA Credits After March 27, 2024**

Finally, Cicchiello contends that she did not begin earning FSA time credits until May 6, 2024, when her risk and needs assessment was completed. Respondents have conceded that it was the responsibility of the BOP to ensure that the risk and needs assessment was completed promptly and have corrected Cicchiello's records to reflect that she has earned FSA time credits beginning March 27, 2024. Accordingly, the petition is denied as moot on this ground.

**Conclusion**

The petition for writ of habeas corpus [ECF. No. 1] is DENIED. In addition, Cicchiello's motion for emergency hearing [ECF. No. 7], motions for immediate release [ECF. Nos. 11, 16], and motions for summary judgment [ECF. Nos. 8, 17, 18] are DENIED as moot. Cicchiello's motion for leave to accept notice and correspondence [ECF. No. 9] is GRANTED to the extent that the court has reviewed the submitted documents. The Clerk is directed to enter judgment and close this case. Any appeal from this judgment would not be taken in good faith.

**SO ORDERED** at Bridgeport, Connecticut, this 25th day of June 2024.

                                                    */s/ Kari A. Dooley*
                                                  KARI A. DOOLEY
                                                  UNITED STATES DISTRICT JUDGE